1  Peter Kristofer Strojnik, State Bar No. 026082
   strojnik@skplaw.com
2  **THE STROJNIK FIRM LLC**
   **A LIMITED LIABILITY COMPANY**
3  Esplanade Center III, Suite 700
4  2415 East Camelback Road
5  Phoenix, Arizona 85016
   Telephone:  (602) 510-9409
6  Facsimile:   (602) 773-0370

7  Attorneys for Plaintiff THERESA BROOKE

8

9                   **UNITED STATES DISTRICT COURT**

10                       **DISTRICT OF ARIZONA**

11

12  THERESA BROOKE, a married woman
13  dealing with her sole and separate claim,       Case No:

14                  Plaintiff,
                                                     **VERIFIED COMPLAINT**
15

16  vs.

17  ELDA CO WM LLC, a Colorado limited
18  liability company dba www.cottonwood-
    suites.com dba Cottonwood Suites,               (Jury Trial Demanded)
19
20                  Defendant.

21        Plaintiff alleges:

22                            **PARTIES**

23        1.      Plaintiff Theresa Brooke is a married woman currently residing in Pinal

24  County, Arizona. Plaintiff is and, at all times relevant hereto, has been legally disabled,

25  confined to a wheel chair, and is therefore a member of a protected class under the

26  ADA, 42 U.S.C. § 12102(2), the regulations implementing the ADA set forth at 28 CFR

27  §§ 36.101 et seq. Plaintiff ambulates with the aid of a wheelchair due to the loss of a

28  leg.

1    2.    Defendant, Elda Co WM LLC, owns and/or operates and does business as

2  the hotel, Cottonwood Suites in Westminster, Colorado. Defendant also operates the

3  website www.cottonwood-suites.com ("Defendant's website"). Defendant's hotel and

4  website are both places of public accommodation pursuant to 42 U.S.C. § 12181(7)(A)

5  and 28 C.F.R. Part 36.

6                                  **INTRODUCTION**

7    3.    Plaintiff Theresa Brooke brings this action against Defendant, alleging

8  violations of Title III of the Americans with Disabilities Act, 42 U.S.C. §§ 12101 et

9  seq., Subtitle A, (the "ADA") and its implementing regulations, specifically 28 C.F.R.

10 Part 36.

11   4.    Plaintiff is a disabled woman confined to a wheelchair. She brings this

12 civil rights action pursuant to Title III of the ADA and its implementing regulations,

13 specifically 28 C.F.R. § 36.302(e)(1)(i), for Defendant's failure to operate an online

14 reservation system that permits patrons to reserve ADA accessible rooms in the "same

15 manner" and during the "same hours" as persons can reserve *non*-accessible rooms.

16 Therefore, Plaintiff seeks a declaration that Defendant has violated federal law and a

17 permanent injunction requiring Defendant to modify its policies and procedures such

18 that its online reservation system accommodates disabled persons' desire to reserve

19 ADA accessible rooms online in the same manner as able-bodied persons are able to

20 reserve *non*-accessible rooms, the Court to retain jurisdiction of this matter for a period

21 to be determined to ensure that Defendant comes into compliance with the relevant

22 requirements of the ADA, and to ensure that Defendant has adopted and is following an

23 institutional policy that will, in fact, cause Defendant to remain in compliance with the

24 law.

25   5.    In compliance with R10-3-405(H)(1), Plaintiff's address is c/o Peter

26 Kristofer Strojnik, her attorney, 2415 East Camelback, Suite 700, Phoenix, Arizona

27 85016.

28

1

**JURISDICTION AND VENUE**

2        6.        Subject matter jurisdiction in this Court is proper pursuant to 28 U.S.C.

3  §§ 1331 and 42 U.S.C. § 12188.

4        7.        The Court has personal jurisdiction over Defendant because it engages in

5  systematic and continuous business here in the State of Arizona, and because it

6  advertises its services via the website, which is the location at which Plaintiff was

7  injured.

8        8.        Venue in this judicial district is proper under 28 U.S.C. § 1391(b) and (c)

9  in that this is the judicial district in which a substantial part of the acts and omissions

10  giving rise to the claims occurred, and the injury complained of occurred here in this

11  District.

12

**ALLEGATIONS COMMON TO ALL COUNTS**

13        9.        Plaintiff and her husband are avid travelers. Due to Plaintiff's many

14  special needs, she requires the use of lodging rooms that are accessible to her and have

15  the standard accessibility features such as roll-in showers, adequate spacing around the

16  furniture in the lodging room, grab bars surrounding the toilet, and other commonly-

17  accepted accessibility features.

18        10.        Plaintiff cannot lodge at a hotel or inn without the commonly-accepted

19  features of an ADA-accessible room such as a roll-in shower, grab bars surrounding the

20  toilet, shower transfer chairs, wider entry-ways to accommodate Plaintiff's wheelchair,

21  and other commonly-accepted ADA features.

22        11.        Plaintiff has not always been disabled. It was only in 2013 that she

23  became disabled, which is when a disease from which she suffered (lymphedema)

24  caused her to have to make the difficult decision of allowing physicians to amputate her

25  leg so that the disease would not spread the remainder of her body.

26        12.        Since Plaintiff became disabled, she has intimate and recent knowledge of

27  how she was treated before her disability and after her disability. Her world became less

28

3

1  accessible. Consequently, Plaintiff has engaged in her right as a private attorney general

2  and has enforced numerous ADA laws in federal courts across the Country.

3       13.    In furtherance of making Plaintiff's world more accessible, Plaintiff is in

4  the process of opening disability rights offices in Denver and Colorado Springs, State of

5  Colorado. In this pursuit, she requires lodging in the Colorado area while she finalizes

6  the process of beginning her pursuits in Colorado.

7       14.    On or about August 7, 2017, Plaintiff went to Defendant's website for

8  purposes of booking a room later this year. Plaintiff prefers booking rooms online

9  because it offers her a less-expensive rate than reservation by telephone. Of course,

10  since Plaintiff requires the use of an ADA accessible room, she attempted to reserve

11  one. Plaintiff entered her desired dates, but the website only offered non-accessible

12  rooms for her desired dates. Thinking that perhaps the hotel was simply booked for her

13  selected dates *versus* it not offering ADA accessible rooms at all, Plaintiff tried a few

14  different dates farther out. Plaintiff tried two months out and four months out, and she

15  encountered the same discrimination.

16       15.    Defendant therefore does not allow Plaintiff or other disabled Americans

17  the option of reserving ADA accessible rooms via its online website notwithstanding

18  the fact it allows patrons to reserve non-accessible rooms.

19       16.    Plaintiff will not book a room at Defendant's hotel until it modifies its

20  policies and procedures regarding its website.

21       17.    Plaintiff will check Defendant's website periodically to see if it has

22  modified its policies and procedures to allow her to reserve an ADA accessible room

23  online, and if Defendant does in fact modify its policies, Plaintiff will reserve an ADA

24  accessible room online for Plaintiff's many planned trips to Colorado in the coming

25  months.

26       18.    As a result of Defendant's non-compliance with the ADA, Plaintiff,

27  unlike persons without disabilities, cannot reserve lodging rooms in the "same manner"

28  as persons seeking *non*-accessible accommodations.

4

1

2

3

19.    She also cannot reserve rooms during the "same hours" because the internet does not close whereas phone registration and reservation desks generally have finite operational hours.

4

5

6

20.    In violation of 28 C.F.R. § 36.302(e)(1)(i), Defendant does not allow disabled Americans to reserve rooms in the "same manner" and during the "same hours" as able-bodied Americans seeking to reserve *non*-accessible rooms.

7

8

9

21.    Upon information and belief, Defendant does not have a plan or policy that is reasonably calculated to make its website fully accessible to and independently usable by, disabled people.

10

11

## FIRST CAUSE OF ACTION
### (Violation of Title III the Americans with Disabilities Act)

12

22.    Plaintiff incorporates all allegations heretofore set forth.

13

14

15

16

23.    Defendant has discriminated against Plaintiff and other disabled Americans pursuant to Title III of the ADA and 28 C.F.R. § 36.302(e)(1)(i) in that it has failed to make its website reservation system fully and equally accessible to Plaintiff and disabled persons.

17

18

19

24.    Defendant has violated 28 C.F.R. § 36.302(e)(1)(i) in that it does not allow for the reservation of ADA accessible rooms in the same manner and during the same hours as a patron can reserve *non*-accessible rooms.

20

21

22

25.    Modification of Defendant's policies and procedures would neither fundamentally alter the nature of Defendant's website nor result in an undue burden to Defendant.

23

24

25

26

26.    Modification of Defendant's website to allow for the reservation of ADA accessible rooms thereon is readily achievable due to the simplicity of changing content of websites. Readily achievable means that providing access is easily accomplishable without significant difficulty or expense.

27

28

27.    Conversely, the cessation of compliance with the ADA law is also readily achievable by re-changing Defendant's website to not allow reservation of ADA rooms

5

1   online. Therefore, injunctive relief should issue irrespective of Defendant's potential

2   voluntary cessation pursuant to the Supreme Court's announcement in *Friends of the*

3   *Earth* case[1].

4      28.   Defendant's conduct is ongoing, and, given that Defendant has never fully

5   complied with the ADA's requirements that public accommodations make lodging

6   services fully accessible to, and independently usable by, disabled individuals, Plaintiff

7   invokes her statutory right to declaratory and injunctive relief, as well as costs and

8   attorneys' fees.

9      29.   Without the requested injunctive relief, specifically including the request

10  that the Court retain jurisdiction of this matter for a period to be determined after the

11  Defendant certifies that it is fully in compliance with the mandatory requirements of the

12  ADA that are discussed above, Defendant's non-compliance with the ADA's

13  requirements that its website be fully accessible to, and independently useable by,

14  disabled people is likely to recur.

15      WHEREFORE, Plaintiff demands judgment against both Defendants as follows:

16         a. A Declaratory Judgment that at the commencement of this action

17            Defendant was in violation of the specific requirements of Title III of the

18            ADA described above, and the relevant implementing regulations of the

19

20

---

[1]  *Friends of the Earth, Inc. v. Laidlaw Envtl. Servs., Inc.,* 528 U.S. 167, 189, 120 S.Ct.
21  693, 145 L.Ed.2d 610 (2000):

22
      It is well settled that a defendant's voluntary cessation of a challenged
23    practice does not deprive a federal court of its power to determine the
      legality of the practice. If it did, the courts would be compelled to leave the
24    defendant free to return to his old ways. In accordance with this principle,
      the standard we have announced for determining whether a case has been
25    mooted by the defendant's voluntary conduct is stringent: A case might
      become moot if subsequent events made it absolutely clear that the
26    allegedly wrongful behavior could not reasonably be expected to recur. The
      heavy burden of persuading the court that the challenged conduct cannot
27    reasonably be expected to start up again lies with the party asserting
28    mootness.

6

ADA, in that Defendants took no action that was reasonably calculated to ensure that their website is in compliance with 28 C.F.R. § 36.302(e);

b. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, a permanent injunction pursuant to 42 U.S.C. § 12188(a)(2) and 28 CFR § 36.504(a) which directs Defendants to take all steps necessary to bring their website into full compliance with the requirements set forth in the ADA, and its implementing regulations, so that the online reservation system is designed and implemented so that ADA accessible rooms can be reserved through the online reservation system;

c. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of costs of suit;

d. Irrespective of Defendants "voluntary cessation" of the ADA violation, if applicable, payment of attorneys' fees pursuant to 42 U.S.C. § 12205, 28 CFR § 36.505 and other principles of law and equity and in compliance with the "prevailing party" and "material alteration" of the parties' relationship doctrines[2]; and,

e. Order closure of the Defendant's website until Defendant has fully complied with the ADA; and

f. The provision of whatever other relief the Court deems just, equitable and appropriate.

## DEMAND FOR JURY TRIAL

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a jury trial on issues triable by a jury.

---

[2] As applicable to ADA cases. See, *Coppi v. City of Dana Point*, Case No. SACV 11-1813 JGB (RNBx) (February, 2015).

1      RESPECTFULLY SUBMITTED this 12th day of August, 2017.

2

3                                              **THE STROJNIK FIRM L.L.C.**

4                                              /s/ Peter Kristofer Strojnik
                                               Peter Kristofer Strojnik (026082)
5                                              2415 East Camelback Road, Suite 700
                                               Phoenix, Arizona 85016
6                                              Attorneys for Plaintiff

7

8
                                **VERIFICATION COMPLIANT WITH R10-3-405**
9

10        I declare under penalty of perjury that the foregoing is true and correct.

11        DATED this 12th day of August, 2017.

12

13

14

15        Theresa Brooke

16

17

18

19

20

21

22

23

24

25

26

27

28